### ACTION FOR INJURIES SUFFERED BY NON-RESIDENT WARD.

Circuit Court of Mahoning County.

THE PENNSYLVANIA COMPANY v. WALTER W. RAUB, BY HIS GUARDIAN, WILLIAM H. RAUB.

Decided, October Term, 1907.

*Guardian and Ward—Action for Injuries to an Infant—Guardian and Infant Non-residents—Comity Between States—Action for Injuries Distinguished from Action by a Guardian Demanding Money from a Trustee—Dilatory Objections to Jurisdiction—Sections 6279 and 6290.*

An action may be maintained in this state by a minor to recover damages for personal injuries, through his guardian, appointed in the state of Pennsylvania, although such minor lives in such foreign state. *Smith* v. *Madden*, 37 Weekly Law Bulletin, 291, not followed.

*Arrel, Wilson & Harrington,* for plaintiff in error.
*Anderson, McNab & Anderson,* for defendant in error.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Mahoning Common Pleas Court.

The action below was by Walter W. Raub, by his guardian, William H. Raub, to recover damages for injuries sustained while a passenger upon the railroad of plaintiff in error by a head-on collision.

A judgment was obtained in the common pleas court and error is prosecuted in this court. Two grounds of error are relied upon by plaintiff in error:

First. The guardian being appointed in a foreign state, Pennsylvania, and the ward continuing to live in that state, the action could not be maintained in this state.

Second. Raub was guilty of contributory negligence.

As to the second ground it is sufficient to say that we have examined the evidence carefully and we are of the opinion that the claim of contributory negligence is not maintained. Indeed we see little, if any, evidence to sustain such a claim, and we therefore come to the first ground relied upon.

May a minor, through his guardian appointed in a foreign state, bring an action in this state to recover damages for a personal injury? Even if there was no statute in this state upon the question, it seems to us that as a matter of comity between the states, a minor by his guardian appointed in another state in such case should be permitted to sue in this state. It is not a case of a guardian demanding money or personal property from an executor, administrator or other trustee, or even from persons not trustees, but simply the attempt to reduce to judgment an undetermined demand which the guardian claims to have in favor of his ward; and if after judgment there are any reasons why the foreign guardian should not come in possession of the money, the court has ample authority to require the guardian to qualify under the provisions of Section 6279 of the Revised Statutes.

But has not the Legislature specifically provided that a foreign guardian may bring such an action?

Section 6290 of the Revised Statutes, found in chapter 3 of

title 2, which provides for the government and direction of guardians and other trustees, provides:

"Section 6290.  [*Foreign minors and guardians; their rights in this state, etc.; sale of their lands; additional security.*] Minors living out of this state and owning lands within the same shall be entitled to the benefit of this act; and guardians of minors residing out of this state, who have been appointed according to the laws of the state or territory where they may reside, shall have the right to bring and maintain actions and enforce the collection of judgments, rendered in such cases in their favor, in the same manner and to the same extent that they could do if they had been appointed under the laws of this state, upon giving security for the costs which may accrue in such actions, in the same way other non-residents are obliged to do under the laws of this state.  All applications for the sale of real estate by guardians of minors who live out of this state shall be made in the county in which the land is situate; or, if situate in more counties than one, then in one of the counties in which a part of such real estate is situate; and additional security shall be required from such guardian or guardians when deemed necessary, and such as may be approved by the probate court of the county in which such application is made.  (55 v. 54, Sec. 32; S. & C., 677.)"

It is claimed that all the provisions of this section apply alone to the disposition of the lands of a minor situated within the state.  We do not think so.  If there had been a period instead of a semi-colon after the words, "shall be entitled to the benefit of this act," the section would no doubt be less ambiguous, but when we take into consideration the fact the Legislature was intending to cure any supposed defect in our law that militated against foreign guardians by closing the doors of our courts against them, punctuation should have little effect.

Something is also claimed for the words, "rendered in such cases in their favor."  What cases?  Certainly the cases in which the actions have been prosecuted.  We repeat that if there had been a period instead of a semi-colon after the word "act," there could be little if any, doubt but that language was intended to be used in its broad sense and applicable to all actions.

It is also claimed that the language of Section 6279 tends to show that it was not intended that the provisions of 6290 should apply to all actions.

It seems to us that the provisions of this section apply to a different subject entirely, to cases as we have heretofore intimated, where money or other property is in the lawful custody of a trustee or other person, and which the foreign guardian desires to obtain possession of and remove it from the state. In such a case he must proceed under Section 6279. *Banning, Executor,* v. *Gotshall, Administrator,* 62 O. S., 210.

We should not be inclined to sustain the contention of plaintiff in error in this case without it was absolutely necessary to do so, as it waited until the case was ready for trial and the jury in the box before it made the objection that plaintiff below had no right to maintain the action by objecting to any evidence being introduced.

We are not unmindful of the fact that Judge Ricks, of the United States Circuit Court of the Northern District of Ohio, in the case of *Smith* v. *Madden,* 37 Weekly Law Bulletin, 291, came to a different conclusion than that to which we have arrived.

Judgment of common pleas court affirmed.